IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CODY LEE FULGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-CV-94-WHA |
| | ) | (WO) |
| | ) | |
| SGT. CHAMPION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Cody Lee Fulgham, an indigent inmate incarcerated in the Houston County Jail at the time he filed this action. In the instant complaint, Fulgham challenges the constitutionality of his placement in disciplinary segregation. Doc. 1 at 2–4. Specifically, Fulgham complains the defendants denied him due process when they placed him in segregation immediately upon various rules violations and only provided him a hearing on the disciplinary charges after his placement in segregation. Doc. 1 at 2–3. Fulgham also challenges the conditions of disciplinary segregation. Doc. 1 at 2.

Pursuant to the orders of this court, the defendants filed a special report and supplemental special reports supported by relevant evidentiary materials, including affidavits, jail records and a DVD recording, in which they address the claims for relief presented by Fulgham. The reports and evidentiary materials dispute the self-serving, conclusory allegations set forth in the complaint.

In light of the foregoing, the court issued an order directing Fulgham to file a response to the defendants' written reports. Doc. 32. The order advised Fulgham that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 32 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 32 at 1 (emphasis in original). The time allotted Fulgham for filing a response in compliance with the directives of this order expired on August 10, 2018. Doc. 34. As of the present date, Fulgham has failed to file a response in opposition to the defendants' written reports. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. First, Fulgham is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Fulgham's inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case. As such, it appears that any additional effort by this court to secure Fulgham's compliance would be unavailing and a waste of this court's scarce resources. Finally, the evidentiary materials submitted by the defendants, which are at this point undisputed by Fulgham, indicate that no violation of the Constitution occurred. Consequently, the court concludes that

Fulgham's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **September 4, 2018** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues

covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17th day of August, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE